Froessel, J.
 

 We agree with the Appellate Division that ordinarily the sale by a real estate corporation of its sole asset is not outside the regular course of business so as to require stockholder consent (Stock Corporation Law, § 20;
 
 Eisen
 
 v.
 
 Post,
 
 3 N Y 2d 518). The reason for this principle ceases to apply, however, where as is here alleged such sale is pursuant to a prior plan of corporate
 
 dissolution. Eisen
 
 v.
 
 Post
 
 
 *283
 

 (supra)
 
 did not hold to the contrary, since the majority opinion there was predicated upon the presumptive continuation of the corporation in business.
 

 While normally petitioner would be entitled to a trial as to the existence of such a plan of dissolution, in this case his own allegations of fact—which we must deem true — defeat such a right. The provision in section 20 of the Stock Corporation Law for the protection of minority stockholders was a recognition of the injustice “ of requiring them to abandon, change or limit their business ”
 
 (Matter of Timmis,
 
 200 N. Y. 177, 181). Petitioner here was not “ required ” to do anything. He concededly agreed to a sale of the corporate assets pursuant to the plan of dissolution, and now objects to the particular sale only because such plan
 
 was not carried out.
 
 Section 20 was clearly not intended to benefit a person in such a situation. Whatever rights he may have to enforce any agreement to dissolve or his claim that the property was sold for less t.lmn its actual value or whatever rights he may have in any other respect as a minority stockholder may not be asserted in the present proceeding.
 

 The order should be affirmed, with costs.
 

 Chief Judge Coxway and Judges Desmoxd, Dye, Fuld, Vax Voorhis and Burke concur.
 

 Order affirmed.