■ In the Matter of DAVID McKAY et al., Appellants, v. TELEPROMPTER CORPORATION, Respondent.— Order, entered on February 15, 1963, unanimously reversed, upon the law, with $20 costs and disbursements to the appellants, the motion for an order for the appraisal of the shares of the stock of the Teleprompter Corporation owned by the petitioners granted, and the proceeding remanded for the purpose of such appraisal. As is apparent from its certificate of incorporation and its activities for the first four corporate years, the corporation was organized specifically to engage in a speech prompting service for television and motion picture productions. The sale, to which the petitioners objected, operated practically to divest the corporation of all the business and assets pertaining to such service in the United States, excluding only the Chicago motion picture prompting service. The sale was not in the regular course of its business; and, under section 20 of the Stock Corporation Law applicable here, the petitioners were entitled to an appraisal of their stock in that the sale was "such as to render the corporation unable, in whole or in part, presently to accomplish the purposes or objects for which it was incorporated" (*Eisen* v. *Post*, 3 N Y 2d 518, 523). Applying this test, the sale was, within the wording of the statute, a sale of "an integral part" of the property, rights, privileges and franchises of the corporation, and it was immaterial that, as of the time of the sale in 1962, the business sold accounted for but approximately 7% of the gross revenues of the corporation. (See *Matter of Timmis*, 200 N. Y. 177.) It is to be noted, however, that, effective September 1, 1963, the statute has been changed to adopt the minority view in *Eisen* v. *Post* (*supra*; see Business Corporation Law, § 909), but we are bound to give effect to the statute as it existed and as it was construed at the time of the transaction. Furthermore, on the record here, the respondent corporation is estopped from asserting the inapplicability of said section 20 to assure the petitioners a right to the appraisal of their stock. The notice and proxy statement sent out by the corporation, in connection with the meeting of stockholders called to approve the sale, under the heading "Rights of Objecting Stockholders", stated that "any stockholder entitled to vote thereon and not voting in favor of such proposed sale may * * * object to such sale and * * * shall have the right, subject to the conditions and provisions of Section 21 of the New York Stock Corporation Law, to have such stock appraised and paid for as provided in said Section. Such objection and demand must be in writing and filed with the Corporation." The stockholders of the corporation were entitled to rely upon the said statement contained in the notice of meeting and proxy statement; and, on basis thereof, stockholders who might otherwise actively oppose the sale, and solicit proxies and attend the meeting for such purpose, would be entitled to refrain from so doing in the belief that they would have a right to an appraisal of their stock. Here, the petitioners, in reliance upon the statements of the corporation in connection with the notice of meeting, appeared at the meeting solely for the purpose of voting against the proposition, took no other proceedings therein except to vote nay, and then proceeded promptly in accordance with the law to obtain an appraisal and have incurred substantial expense in connection therewith. Certainly, the corporation should not be permitted to take one position when it gave notice of the meeting, namely, that nonconsenting stockholders, such as petitioners, would be entitled to an appraisal of their stock and then, when it gained its objective, to switch and take the position that the law did not entitle them to an appraisal. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.