Edward G. Baker, J.
In this action for a permanent injunction as well as for money damages allegedly sustained by the plaintiff, the plaintiff moves for an injunction pendente lite restraining the defendants from carrying out the provisions of resolutions adopted at a special meeting of the board of *1066 directors and stockholders of the defendant corporation, canceling a contract for the sale of the corporate real property executed by the plaintiff and from holding the election of officers and directors of the corporation. Defendants cross-move for an order pursuant to CPLR 3211 (subd. [a], pars. 1, 7 and 10) dismissing the complaint on the grounds that it fails to state a cause of action; that the defense of this action is founded upon documentary evidence and the court cannot proceed in the absence of a party who should have been made a party to the action. The relevant facts culled from the complaint and the moving papers reveal that the plaintiff and the individual defendants incorporated the defendant corporation for the purpose of constructing, altering, buying, selling, renting, exchanging, managing and developing of real property generally. Plaintiff was issued one third of the outstanding stock and elected to the office of vice-president and the individual defendants received the other two thirds of such outstanding shares of stock as well as ‘being elected to the remaining offices of president, secretary and treasurer.
On June 29, 1964, the plaintiff entered into a contract to sell the corporate defendant’s only real property which it owned and managed since 1959. Resulting from this alleged unauthorized act on the plaintiff’s part the individual defendants called a special meeting of the stockholders and directors of the defendant corporation attended by the plaintiff at which time resolutions were passed disaffirming the contract and electing new directors and officers over the objection of the plaintiff.
The prime issue before the court is whether the plaintiff had the authority to execute such a contract without the consent of a majority of the stockholders and directors of the defendant corporation, it being contended by the plaintiff that as an executive officer such right was vested in him and the consent of the stockholders was not essential.
An examination of the case law and the revision of the Stock Corporation Law into the Business Corporation Law establishes that prior to such revision the consent of stockholders of a corporation was not essential in the sale of a corporation’s assets where the certificate of incorporation indicated it was a real estate corporation organized for general trading and dealings in lands, buildings and structures (Eisen v. Post, N Y 2d 518). The reasoning in this case was followed by Matter of Roehner v. Gracie Manor (6 N Y 2d 280), Matter of Rosenshein v. Col-Mot Holdings (16 A D 2d 537) and others.
However, the Legislature in revising the corporate statutory law after careful study enacted the new Business Corpora *1067 tion Law and in section 909 thereof adopted the minority view expressed in Eisen v. Post (supra). The effect of the statute as it is now constituted requires such consent of the stockholders in situations as present herein where the corporation in its entire corporate life has been devoted to owning, managing and operating but a single piece of property even though it would appear from its certificate of incorporation that it was a real estate corporation.
The overruling of the majority opinion in the Eisen case by section 909 is clearly expressed in Matter of McKay v. Teleprompter Corp. (19 A D 2d 815) and the revisers’ notes and comments found in McKinney’s Consolidated Laws of New York (Business Corporation Law, § 909). The plaintiff under the circumstances had no authority without such consent to enter into the contract on behalf of the corporate defendant.
The court need not accordingly delve into the right of a vice-president of a corporation to execute such a contract with its president and board of directors available to approve or disapprove, or the rationale in permitting a minority stockholder to bind the majority stockholders in the sale of the sole corporate asset.
If the plaintiff feels aggrieved at the action taken by the individual defendants in the election of new directors and officers, his remedy is that provided for by section 619 of the Business Corporation Law.
The cross motion of the defendants is therefore granted and the plaintiff’s motion for an injunction pendente lite is denied.