OPINION OF THE COURT
Harold Tompkins, J.
Plaintiff moves for an order pursuant to CPLR 5107 directing the Sheriff of Bronx County to execute quitclaim deeds, for a cancellation of the notice of pendency on the property upon completion of the conveyance and an order holding the defendants in contempt. This motion involves a seldom used section which provides a remedy for a frustrated purchaser of real property.
This is an action for specific performance of contracts calling for the sale of real property. By the order of the Hon. Joseph DiFede, dated September 10, 1984, the plaintiff was *608 granted summary judgment and specific performance of the contracts within 60 days was ordered. The Appellate Division, First Department, affirmed the order (109 AD2d 1110 [1985]) and plaintiff states without denial that leave to appeal to the Court of Appeals was denied. Further, by order of the Hon. Irma Santaella, dated September 12, 1986, the court found defendants in contempt for failure to comply with the order of Justice DiFede. The claimed substantive defenses of Business Corporation Law § 909 relating to requiring shareholder approval of disposition of all or substantially all the assets of a corporation cannot be considered as it was capable of being raised before Justice DiFede, whose decision and its appellate approval is binding on this court. Had the court chosen to look to the merits of this argument, it would have found Business Corporation Law § 909 inapplicable as the sale of real estate by a real estate corporation, even if its sole asset, does not require shareholder approval since this is its ordinary function (Matter of Roehner v Gracie Manor, 6 NY2d 280 [1959]).
Under CPLR 5104, the contempt mechanism may be used to enforce an order or judgment directing specific performance (Busch v Berg, 52 AD2d 1082 [4th Dept 1976]). It appears from the commentary by Professor Siegel that CPLR 5107 was precisely designed for the function of enforcing conveyance of real property (McKinney’s Practice Commentaries, Cons Laws of NY, Book 7B, CPLR C5107:l, at 38-39). The frustrated vendee in this case is now able to obtain the contractual bargain it sought.
The motion is, therefore, granted and, pursuant to CPLR 5107, upon service of a copy of this order upon him, the Sheriff is directed to convey the property at issue to plaintiff with appropriate quitclaim deeds, that upon said conveyance and service upon of a copy of this order upon him, the Clerk of Bronx County shall cancel the notices of pendency previously filed by plaintiff with reference to the property at issue. The court further finds defendants to be in contempt for the failure to comply with Justice DiFede’s order. The court further directs the parties to appear for a hearing on the issue of plaintiff’s costs, including attorney’s fees, in pursuing the contempt proceeding on February 25, 1987 at 9:30 a.m.