■ PAMELA L. DUKAS, Individually and on Behalf of All Other Shareholders Similarly Situated and in the Right of DAVIS AIRCRAFT PRODUCTS Co., INC., Respondent-Appellant, v DAVIS AIRCRAFT PRODUCTS Co., INC., et al., Appellants-Respondents, and MARA BROTHERS and/or THOMAS MARA, Respondents.—In an action, *inter alia,* pursuant to Business Corporation Law § 909 to set aside a conveyance of real property, the defendants Davis Aircraft Products Co., Inc. (hereinafter Davis Aircraft), Arthur Schmidt, Francis Nestor and Bruce T. Davis appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 28, 1986, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, and the plaintiff cross-appeals from so much of the same order as granted the cross motion of the defendants Mara Brothers and Thomas Mara to cancel and discharge a lis pendens.

Ordered that the plaintiff's cross appeal is dismissed for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants-respondents, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs payable by the plaintiff.

Davis Aircraft was engaged in the business of designing, manufacturing and selling restraints used in aircraft. Prior to November 1984 Davis Aircraft conducted its manufacturing operations out of a building located in Northport, New York. Since the Northport facility required extensive repairs, Davis Aircraft commenced a search for a new building. Subsequently, Davis Aircraft and the defendant Thomas Mara entered into an agreement whereby the Northport building would be exchanged for a building owned by the defendant Mara in Bohemia, New York. The defendant Bruce T. Davis, president of Davis Aircraft, alleged that the Bohemia facility was "significantly more efficient for manufacturing" than was the Northport facility. He further added that Davis Aircraft continued to be in the same business as it had before the move and that it had not discontinued any of its former operations. The plaintiff alleged that the transaction was voidable as the corporation did not obtain the required authorization from its shareholders. We disagree.

Pursuant to Business Corporation Law § 909 (a), shareholders' approval is required whenever a corporation attempts "[a] sale, lease, exchange or other disposition of all or substantially all the assets of a corporation, if not made in the usual or regular course of business actually conducted by such corporation". The purpose of the statute was to prevent a corporation from disposing of a major portion of its property without obtaining prior approval of its shareholders (see, Matter of Timmis, 200 NY 177, 181; Matter of Miglietta [2660 Broadway Corp.], 287 NY 246, rearg denied 288 NY 661). The transaction in question was merely a transfer of Davis Aircraft's operations from one building to another. In this regard, there is no factual dispute that Davis Aircraft has engaged in the same business as it had prior to the exchange. Thus, the transaction did not result in a liquidation, in whole or in part, of Davis Aircraft's business. Under these circumstances, we find that shareholder approval was not required (see, Matter of Avard [Oneita Knitting Mills], 5 Misc 2d 817, appeal dismissed 2 AD2d 647; Matter of Rudel [Eberhard Faber Pencil Co.], 2 Misc 2d 957). Therefore, summary judgment is granted to the defendants Davis Aircraft, Arthur Schmidt, Francis Nestor and Bruce T. Davis because the instant transaction did not fall within the purview of Business Corporation Law § 909 (a). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur. [See, 129 Misc 2d 846.]