◼ In the Matter of HELEN RESNICK, Appellant, v KARMAX CAMP CORP., Respondent.—In a proceeding pursuant to Business Corporation Law § 623 (h) (2) to enforce a shareholder's right to receive payment for the fair value of her shares, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered May 23, 1988, as, *inter alia,* denied her cross motion for summary judgment.

Ordered that the order is modified, on the law, by adding thereto a provision searching the record and thereupon granting summary judgment in favor of the respondent dismissing the proceeding; as so modified, the order is affirmed, with costs to the respondent.

Business Corporation Law § 909 (a) provides, in pertinent part, that a shareholder's approval is required whenever a corporation attempts "[a] sale, lease, exchange or other disposition of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business actually conducted by such corporation". Under Business Corporation Law § 910 (a) (1) (B), a shareholder who objects to any "sale, lease, exchange or other disposition of all or substantially all of the assets of a corporation which requires shareholder approval under section 909" has the right to receive payment of the fair value of his or her shares. "The purpose of the [law] was to prevent a corporation from disposing of a major portion of its property without obtaining prior approval of its shareholders" (Dukas v Davis Aircraft Prods. Co., 131 AD2d 720, 721). Here, the formation of two subsidiaries, both wholly owned by the respondent Karmax Camp Corp., and the transfer of the camping operations and its buses to the subsidiaries do not fall within the purview of Business Corporation Law §§ 909 and 910. The reason, quite simply, is that these transactions did not result in a liquidation, in whole or in part, of the camp business operated by the respondent, which retained ownership of the corporate land and buildings (see, Metzger v Knox, 77 Misc 271, affd 153 App Div 911). Consequently, the subject transactions did not give rise to the right under New York law of a dissenting stockholder to have her shares redeemed. Therefore, upon searching the record, we conclude that the respondent corporation is entitled to summary judgment (see, CPLR 3212 [b]).

In view of our determination, we do not reach the petitioner's remaining contention. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.