■ L & L EXCAVATING CORP., Plaintiff, v ABCON ASSOCIATES, INC., Respondent-Appellant, et al., Defendants, and LONG ISLAND CONCRETE CONSTRUCTION CORP., Appellant-Respondent. [594 NYS2d 818] —In an action to foreclose a mechanic's lien, (1) the defendant Long Island Concrete Construction Corp. appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated August 2, 1990, which granted the motion of the defendant Abcon Associates, Inc., to cancel its mechanic's lien and notice of pendency, and (2) the defendant Abcon Associates, Inc., appeals from (a) an order of the same court, dated August 8, 1990, which denied its motion for leave to serve an amended reply to the cross claim of the defendant Long Island Concrete Construction Corp., (b) an order of the same court, dated September 7, 1990, which denied its motion to reargue and renew its prior motion, and (c) a judgment of the same court (Galfunt, J.H.O.), entered August 13, 1991, which, after a nonjury trial, is in favor of the defendant Long Island Concrete Construction Corp. and against it in the principal sum of $30,690.48 on its cross claim.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment entered August 13, 1991, is reversed, on the law and the facts, and the cross claim is dismissed; and it is further,

Ordered that Abcon Associates, Inc., is awarded one bill of costs, payable by Long Island Concrete Construction Corp.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders, to the extent that they have not been rendered academic, are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

These appeals arose from the renovation of an office building wherein the defendant Long Island Concrete Construction Corp. (hereinafter LIC) contracted with the defendant Abcon Associates, Inc. (hereinafter Abcon), the construction manager, to supply and install concrete for the project. Dissatisfied with the quality of LIC's work, Abcon withheld $50,622.49 of the $346,058.56 contract price. LIC filed a mechanic's lien and, in this action commenced by another lienor to foreclose its own lien, cross-claimed against Abcon for that amount. Abcon's reply included the affirmative defense of breach of contract.

More than three years after replying to LIC's cross claim and after the case had been on the trial calendar for some time, Abcon moved to amend its reply to add another affirmative defense and a cross claim based on newly-discovered defects. We find no improvident exercise of discretion in the court's denial of this motion inasmuch as it was made on the eve of trial and Abcon failed to adequately demonstrate that it could not have discovered the alleged additional defects earlier *(see, Mawardi v New York Prop. Ins. Underwriters Assn.,* 183 AD2d 758; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554; *Leon v Central Gen. Hosp.,* 156 AD2d 338). The court also properly denied Abcon's motion to renew since no new evidence was presented that could not have been presented on the prior motion.

However, contrary to the trial court's conclusion, we find that the evidence clearly demonstrated that LIC breached its contractual obligation to install architectural concrete in the areas exposed to public view as described in the contract *(see, City School Dist. v McLane Constr. Co.,* 85 AD2d 749). There is no dispute that the concrete installed was not architectural concrete. Nor was LIC relieved of its contractual obligation by the contract's silence as to the type of finish to be applied to the concrete since industry standards provide that, in that event, the contractor shall obtain the specifications or shall use a smooth form finish. The evidence further showed that the cost of correcting the defect would exceed the amount sought by LIC in its cross claim. Therefore, the judgment in favor of LIC is reversed and the cross claim is dismissed.

On its appeal, LIC complains that the court erred in canceling its mechanic's lien and notice of pendency. However, in light of our determination that the cross claim must be dismissed, the propriety of that order is academic. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.