■ Soho Gold, Inc., Respondent, v 33 Rector Street Limited, Appellant, et al., Defendants. [642 NYS2d 684] —Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered August 21, 1995, which, inter alia, declared that shareholder approval of the sale of the subject building was not required, granted plaintiff summary

judgment on its first cause of action, and granted plaintiff specific performance, unanimously affirmed, with costs.

The IAS Court properly found that the sale of the subject building did not require shareholder authorization under Business Corporation Law § 909 or the contract, as it did not constitute the sale of "substantially all the assets" of the corporation and was made in the "usual or regular course of the business actually conducted" (§ 909 [a]; *see, Matter of Roehner v Gracie Manor*, 6 NY2d 280, 282). The corporation retained other valuable property, the certificate of incorporation provided that the corporation was formed for the purpose of purchasing, owning and selling real property, and the sale would not change the nature of the company's business. Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.