■ IRVING POSNER, Appellant, v POST ROAD DEVELOPMENT EQUITY, L. L. C., et al., Respondents. [678 NYS2d 350] —In an action, *inter alia,* pursuant to Business Corporation Law § 909 to set aside a conveyance of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated July 24, 1997, which, *inter alia,* granted the defendants' motion for summary judgment, denied his motion for reargument of the defendants' prior motion to cancel a notice of pendency, and dismissed the complaint.

Ordered that the appeal from so much of the order and judgment as denied reargument is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

Based upon our review of the record, we conclude that the Supreme Court properly granted summary judgment to the defendants and dismissed the complaint. The conveyance that the plaintiff seeks to set aside pursuant to Business Corporation Law § 909 (a) did not require shareholder approval since it was made "in the usual or regular course of business actually conducted by [the] corporation", and did not constitute a transfer of "all or substantially all" of the corporation's assets

(*see, Soho Gold v 33 Rector St.,* 227 AD2d 314). The corporation's certificate of incorporation authorized it, *inter alia,* to sell, lease, and convey real estate, and the conveyance did not result in a dissolution or a liquidation of the corporate assets (*see, Matter of Roehner v Gracie Manor,* 6 NY2d 280; *Dukas v Davis Aircraft Prods. Co.,* 131 AD2d 720), since the corporation retained a valuable leasehold interest in a second parcel of land of comparable size and location.

The appeal from the order and judgment (one paper) dated July 24, 1997, does not bring up for review so much of an intermediate order dated January 29, 1997, as directed a hearing in aid of the disposition of the defendants' motion to impose sanctions. That provision of the intermediate order does not necessarily affect the final judgment (*see,* CPLR 5501 [a] [1]). Although no separate appeal was taken from the order dated January 29, 1997, we note that an order which directs a hearing on a motion does not affect a substantial right and is therefore not appealable as of right (*see,* CPLR 5701 [a] [2] [v]; *Palma v Palma,* 101 AD2d 812).

In view of our determination that the complaint was properly dismissed, the propriety of that portion of the intermediate order dated January 29, 1997, which cancelled the notice of pendency is academic (*see, L & L Excavating Corp. v Abcon Assoc.,* 191 AD2d 539). O'Brien, J. P., Santucci and Joy, JJ., concur.

Friedmann, J., concurs in part and dissents in part and votes to dismiss the appeal from so much of the order and judgment as denied reargument, and to modify the order and judgment by (1) deleting therefrom the provision granting the defendants' motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion, and (2) deleting therefrom the provision denying the plaintiff's motion to restrain a special meeting of the shareholders and substituting therefor a provision granting the motion, and, as so modified, to affirm the order and judgment insofar as reviewed, with the following memorandum: The record in this case establishes that the defendant Eberhard Realty Co., Inc. (hereinafter Eberhard), of which the plaintiff was a 10% shareholder, owned a single parcel of land located at 465-469 South Road in Poughkeepsie. On November 16, 1995, without submitting the proposed transfer to a vote of its shareholders (*see,* Business Corporation Law § 909 [a]), Eberhard conveyed this one-acre parcel to the defendant Post Road Development Equity, L. L. C. (hereinafter Post Road), which was developing a shopping center, in exchange for $100,000 down, a 1% nonvot-

ing equity interest in Post Road's enterprise, plus an 8% return on the value of its remaining capital contribution of approximately $800,000. With this transfer, Eberhard effectively terminated its realty management business.

Eberhard's sole remaining activity after this conveyance was to collect and pay rent on a different parcel, which it leased from its owner, Frances Finnerman, and subleased to a family named Banta, which operated a restaurant there. Although the defendants insist that this lease is an asset, informed opinions differ on whether a lease is not instead a liability. In any event, the defendants have submitted three entirely different valuations of their leasehold.

In addition, even assuming that the leasehold is an asset, the defendants' own appraiser conceded that the transferred South Road property constituted at least 62% of Eberhard's holdings, while other record evidence supports the plaintiff's assessment that it made up 90 to 93%. Accordingly, it appears to me that there is, at a minimum, a question of fact as to whether the parcel conveyed to Post Road could properly be characterized as "all or substantially all" of Eberhard's assets (Business Corporation Law § 909 [a]), such that the approval of two-thirds of the corporation's shareholders should have been obtained in advance of its transfer (see, e.g., Eisen v Post, 3 NY2d 518, 526; Vig v Deka Realty Corp., 143 AD2d 185; Stratford May Corp. v Euster, 24 AD2d 935; cf., Matter of Roehner v Gracie Manor, 6 NY2d 280; Soho Gold v 33 Rector St., 227 AD2d 314).

Further, the majority is setting a novel precedent by declaring, in essence, that where a corporation furtively sells its main asset but manages to retain anything else of value, the provisions of Business Corporation Law § 909 (a) are not triggered. This is not the law. Rather, traditionally, " '[t]he test applied by the courts is not the amount involved, but the nature of the transaction, whether the sale is in the regular course of the business of the corporation and in furtherance of the express objects of its existence, or something outside of the normal and regular course of the business' " (In re Schutte, 114 NYS2d 162, 165-166, mod on other grounds sub nom. Matter of Kunin, 281 App Div 635, affd 306 NY 967, quoting Matter of Miglietta, 287 NY 246, 254). Here, although Eberhard's certificate of incorporation provided that the corporation was to engage in the real estate management business, and that it was authorized, among other things, to sell realty, in fact between 1979 and November 16, 1995, Eberhard never purchased or sold any real property except for its conveyance of the South

Road parcel on the latter date. It follows that the transfer of the South Road parcel was *not* part of the usual business "actually conducted" by Eberhard (Business Corporation Law § 909 [a]). Its conveyance did not advance "the express objects of [Eberhard's] existence," but rather was " 'outside the normal and regular course' " of its affairs (*In re Schutte, supra,* at 165; *see also, Vig v Deka Realty Corp., supra*).

In my opinion the Supreme Court improvidently refused to stay a post-conveyance special shareholders' meeting, which had been noticed by Eberhard after the instant lawsuit had been brought for the palpably improper purpose of ratifying the contested transfer after the fact (*see, e.g.,* Business Corporation Law § 605 [a]; §§ 623, 720).

Accordingly, I would reinstate the plaintiff's complaint, stay the belatedly-called special meeting of Eberhard's shareholders, and remit the matter to the Supreme Court for a trial of the issue of whether the conveyance that the plaintiff is seeking to set aside pursuant to Business Corporation Law § 909 (a) was in fact not made "in the usual and ordinary course of business actually conducted" by Eberhard, and/or constituted a transfer of "all or substantially all" of the corporation's assets without the statutorily-required shareholder approval.