Edbar Corp. v Sementilli (2004 NY Slip Op 50068(U))

[*1]

Edbar Corp. v Sementilli

2004 NY Slip Op 50068(U)

Decided on January 28, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 28, 2004

Supreme Court, Bronx County
 EDBAR CORPORATION, Plaintiff,
against
EGIDIO SEMENTILLI, TONINO SEMENTILLI, BAR ROMA ENTERPRISES, INC., their successors and/or assigns, et al., Defendants.
Index No.: 16588/02

Dianne T. Renwick, J.
The following documents were considered in reviewing defendant Bar Roma's motion for an order granting summary judgment in its favor:
Papers Numbered
Notice of Motion, Affirmation 1, 2 (Exhibits)
Memorandum of Law in Support of Motion 3
Plaintiff's Affirmation in Opposition 4 (Exhibits)
Reply Affirmation 5
Plaintiff Edbar Corporation seeks specific performance of a contract for the sale of real property owned by defendant Bar Roma Enterprises, Inc. (hereinafter referred to as "Bar Roma"). Bar Roma, through its treasurer and significant shareholder, now moves for summary judgment dismissing the action. He argues that the contract for sale, entered into by its president, is rendered void by Business Corporation Law §909(a), which requires shareholder approval of the sale of all or substantially all the assets of the corporation.

Background
This action arises from a dispute among two individual parties, who are the sole directors and stockholders of defendant corporation Bar Roma, as to the legal requirements governing the authority of the president of the corporation to sell its sole assets. In 1991, Giuseppe Ruscigno and Egidio Sementilli formed the corporation "to buy, sell, exchange, lease . . . improve, develop, repair, manage, maintain and operate real property. . . ." Each holds 50 percent of the shares of the corporation and has acted, respectively, as its treasurer and president since the inception of the corporation. In August 1991, Bar Roma acquired the property on 2415-2419 Beaumont Avenue, in The Bronx. The property, an empty lot, constituted the only significant asset owned by Bar Roma, and operated and managed as a public parking lot. The parking lot shut down [*2]because of "licensing problems."
Subsequently, on November 15, 2001, plaintiff Edbar Corporation entered into a contract with defendant Bar Roma for the purchase of the empty lot. Egidio Sementilli executed the contract, ostensibly as president of Bar Roma. The contract was entered into in conjunction with a second contract executed by plaintiff Edbar Corporation and Egidio Sementilli and Tonio Sementilli. The second contract involved another empty lot owned by the Sementilli brothers and located next to the empty lot owned by Bar Roma. The combined sale price for both lots was $300,000, each priced at $150,000. Each contract provided that both properties were to be sold together; with an option of cancellation of the contracts if the purchaser were unable to acquire both properties. The buyer felt compelled to buy the two properties as a single parcel of land "as the larger lot [owned by the Sementilli bothers] lacked access to the street."
By a note dated January 23, 2002, Egidio Sementilli called a shareholder's meeting for the approval of the sale of the empty lot. At the meeting, Giuseppe Ruscigno refused to approve the sale, on the basis that the parcel of land was seriously under priced at $150,000. Two years before the meeting, the Bar Roma parcel of land had been appraised at $190,000, Ruscigno reports. Because of the disagreement between Sementilli and Ruscigno about the sale price, the "closing" on the two properties never took place. Instead, plaintiff Edbar Corporation instituted this action seeking specific performance on both contracts. Ruscigno answered for Bar Roma, and now moves for summary judgment.
Discussion Defendant Bar Roma moves for summary judgment on the ground that the contract for sale of its property is rendered void by the failure to obtain the approval of its shareholders pursuant to Business Corporation Law §909. Pursuant to Business Corporation Law § 909 (a), shareholders' approval is required whenever a corporation attempts "[a] sale, lease, exchange or other disposition of all or substantially all the assets of a corporation, if not made in the usual or regular course of business actually conducted by such corporation." On its face, the statute seems applicable to the transfer here. Indeed, "the purpose of the statute [is] to prevent a corporation from disposing of a major portion of its property without obtaining prior approval of its shareholders." Dukas v. Davis Aircraft Product, Inc., 131 A.D.2d 720 (2nd Dept. 1987).
Plaintiff Edbar Corporation, however, argues that Business Corporation Law §909(a) is inapplicable to the transaction because "ordinarily the sale by a real estate corporation of its sole assets is not outside the regular course of business so as to require stockholder consent," citing Roehner v. Gracie Manor, Inc., 6 N.Y.2d 280 (1959). Plaintiff's position is untenable as a matter of law. To be sure, in New York, prior to the adoption of Business Corporation Law §909, the consent of the stockholders of a corporation was not essential in the sale of the corporation's assets where the certificate of incorporation indicated it was a real estate corporation organized for the general handling and dealing in lands, buildings and structures, as held in Eisen v. Post, 3 N.Y.2d 518. The reasoning in Eisen, supra, was followed by Roehner v. Gracie Manor, Inc., supra, 6 N.Y.2d 280.
However, "the legislature in reviewing the corporate statutory law, after careful study enacted the Business Corporation Law, and in section 909 overruled Eisen v. Post, supra." Boyer v. Legal Estates, Inc., 44 Misc.2d 1065 (Sup Ct., Kings County, 1965). Specifically, the clause "business actually conducted by such corporation" was intended to adopt the minority opinion in [*3]Eisen v. Post, supra, that the courts, in determining whether a transaction is in the regular course of business must look to the activities that a corporation is actually engaged rather than to the wording of the certificate of incorporation. McKay v. Teleprompt Corp., 19 A.D.2d 815; McKinney Consolidated Laws, Business Corporation Law 909. The majority in Eisen v. Post, supra, had examined the wording of the certificate of incorporation to determine whether the transaction involved was in furtherance of the express objects of the corporation. Thus, regardless of the terms of the certificate of incorporation, if the transfer is not in the regular course of business in which the corporation is engaged, it must be authorized by the shareholders. Id. See also, Vig Deka Realty Corp., 143 A.D.2d 185 (2nd Dept. 1988).
While this Court rejects plaintiff's argument  that a certificate of incorporation determines whether a transaction is in the regular course of business  the question remains whether a transfer of its sole piece of real estate by Bar Roma was in the regular course of business to render the transaction within the purview of Business Corporation Law §909. The test of whether or not a transfer is in the "the usual or regular course of the business actually conducted is whether the sale is "in furtherance of the express objects of its existence, or something outside of the normal regular course of business." See Matter of Schutte, 114 N.Y.S2d 162, 165-166; Dukas v. Davis Aircraft Product, Inc., 131 A.D2d 720 (2nd Dept. 1987).
This Court finds that a transfer of its sole piece of real estate by a real estate corporation is not within its regular course of business, as matter of law. Indeed, that is the precise holding of Vig v. Deka Realty Corp., 143 A.D.2d 185 (2nd Dept. 1988). In Vig v. Deka Realty Corp., supra, like here, the corporation involved was a real estate corporation, the purpose of which included buying and selling of real property. In addition, like here, the parcel in question was the only significant asset owned by the corporation, the business of which, as actually conducted, was the management, rather than the purchase and sale, of real property. Under the circumstances, the Second Department held, the sale of the asset was not in the regular course of business, thus requiring approval of 2/3 of the corporation's shareholders pursuant to Business Law §909(a).
 Albeit not explicitly stated in the opinion, Vig v. Deka Realty Corp. found that the conveyance was not within the usual course of business because the sale of the exclusive property deprives the corporation of the power to accomplish its objective of management of the same property. In this respect, that holding is distinguishable from Posner v. Post Road Development Equity, 253 A.D.2d 86 (2d Dept. 1998), where the Second Department held that a real estate entity's conveyance of the single piece of property it owned (a rental building) did not require shareholders' approval pursuant to Business Law §909(a). The conveyance was deemed made within the usual or regular course of business actually conducted by the corporation because it did not result in the termination of the business by the corporation. The corporation retained a valuable lease interest in a second parcel of land (rental property) of comparable size and location. In this case and Vig v. Deka Realty Corp., supra, however, the conveyance effectively ended the corporation's real estate management business. Cf. Bouton v. Thomas Bros. Sales Corp., 179 A.D.2d 612 (2nd Dept. 1992).
In sum, regardless of the terms of the certificate of incorporation, the sale of Bar Roma's property was not in the regular course of business in which the corporation was engaged, The conveyed land was the only significant asset owned by the corporation, the business of which, as actually conducted, was its management, rather than the purchase and sale, of real property. [*4]Since the conveyance was not authorized by the shareholders, the conveyance is rendered void by Business Corporation Law §909(a). Ultimately, as noted in Vig v. Deka Realty Corp., supra, the president of Bar Roma, who had signed the contract for the sale of the property, lacked implied authority to do so, and could not have any apparent authority. Vig v. Deka Realty Corp., supra. Those who deal with corporations are bound by the statutory limitations of its officers. Id. Therefore, defendant Bar Roma must be granted summary judgment dismissing the claim for specific performance asserted against it.
Conclusion
For the foregoing reasons, it is hereby
ORDERED that the motion for summary judgment dismissing the claim for specific performance asserted against defendant Bar Roma Enterprises, Inc. is granted; and it is further
ORDERED that the Clerk shall enter a judgment in favor of said defendant, severing and dismissing forthwith the claims asserted against defendant Bar Roma Enterprises, Inc.
This constitutes the Decision and Order of the Court.
Bronx, New York Hon. Dianne T. Renwick, J.S.C.
Decision Date: January 28, 2004