In a shareholder’s derivative action, inter alia, to recover damages for waste of corporate assets and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), dated March 23, 2007, which granted the motion of the defendants Michael Breslin, John Breslin, Ave. Woodward Corp. and 2 Ave. Woodward Corp., for summary judgment dismissing the plaintiffs first, second, and third causes of action insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff was a 15% shareholder of the defendants Ave. Woodward Corp. and 2 Ave. Woodward Corp. (hereinafter together the Woodward Company), which were engaged in the business of erecting, constructing, and renting scaffolding (hereinafter the scaffolding business). On May 1, 1997 the Woodward Company entered into an asset purchase agreement (hereinafter the agreement) with the defendants Atlantic-Heydt Corporation and Atlantic Rental Corp. (hereinafter together the Atlantic Company) to sell the Woodward Company’s scaffolding business to the Atlantic Company. The agreement was executed by Michael Breslin and John Breslin (hereinafter the individual defendants), each in his capacity as president of the seller and buyer thereunder, respectively.
On May 1, 1997 the plaintiff, as a shareholder of the Woodward Company, signed a written consent to the agreement.
In 2000 the plaintiff commenced this action in connection with the sale of the scaffolding business asserting, inter alia, three derivative causes of action (hereinafter the first, second, and third causes of action) on behalf of the Woodward Company *431 to recover damages for waste of corporate assets and breach of fiduciary duty, and for an accounting.
The Atlantic Company and the individual defendants (hereinafter collectively the respondents) moved for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them. The Supreme Court granted the motion. We affirm.
The respondents met their initial burden of establishing their entitlement to summary judgment by demonstrating that the transfer of the scaffolding business pursuant to the agreement constituted “a sale ... of all or substantially all the assets,” as contemplated by Business Corporation Law § 909 (a), of the Woodward Company to the Atlantic Company (see Collins v Telcoa Intl. Corp., 283 AD2d 128, 131 [2001]; see generally Winegrad, v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact.
The test applied by the courts to determine whether a sale is within the purview of Business Corporation Law § 909 (a) is not the dollar amount of the assets involved in the transfer (see Eisen v Post, 3 NY2d 518, 523 [1957]; Matter of Miglietta [2660 Broadway Corp.], 287 NY 246, 254-255 [1942]; Vig v Deka Realty Corp., 143 AD2d 185 [1988]; see also Matter of Timmis, 200 NY 177, 181-182 [1910]; Matter of Schutte, 114 NYS2d 162, 165-166 [1952]). Rather, the test is whether the sale was made in the regular course of the business actually conducted by the corporation in furtherance of the objects of its existence, or something outside of its normal and regular course of business (see Eisen v Post, 3 NY2d at 523; Matter of Miglietta [2660 Broadway Corp.], 287 NY at 254-255; Vig v Deka Realty Corp., 143 AD2d 185 [1988]; see also Matter of Timmis, 200 NY at 181-182; Matter of Schutte, 114 NYS2d at 165-166). Thus, where, as here, the sale of assets ultimately resulted in the liquidation of the scaffolding business, whose operations were effectively assumed by the Atlantic Company (cf. Posner v Post Rd. Dev. Equity, 253 AD2d 866 [1998]; Matter of Resnick v Karmax Camp Corp., 149 AD2d 709 [1989]; Dukas v Davis Aircraft Prods. Co., 131 AD2d 720 [1987]), the sale constituted a transaction contemplated by Business Corporation Law § 909 (a).
Consequently, the sale gave rise to the plaintiffs individual right to an appraisal and to receive payment for his shares pursuant to Business Corporation Law § 623 (hereinafter the appraisal rights). Pursuant to Business Corporation Law § 623 (k), “[t]he enforcement by a shareholder of his right to receive payment for his shares in the manner provided [in Business Corporation Law § 623] shall exclude the enforcement by such *432 shareholder of any other right to which he might otherwise be entitled by virtue of share ownership” (hereinafter the exclusivity provision). Here, having failed to avail himself of his appraisal rights, the plaintiff contends, inter alia, that he was fraudulently induced to sign the consent to the agreement and thus, can invoke the exception to the exclusivity provision predicated on a claim of fraud.
The Supreme Court properly rejected the plaintiffs claims regarding fraud. While the exclusivity provision of Business Corporation Law § 623 (k) permits an individual shareholder who forgoes the statutory appraisal proceeding pursuant to Business Corporation Law § 623 to bring an action for equitable relief on the ground that the corporate action was fraudulent as to that shareholder (see e.g. Walter J. Schloss Assoc. v Arkwin Indus., 90 AD2d 149, 155-160 [1982] [Mangano, J., dissent], revd 61 NY2d 700 [1984], for reasons stated in the dissenting op), the exclusivity provision is not applicable to derivative causes of action, such as those at bar, which were asserted on behalf of the Woodward Company and not on behalf of the plaintiff in his individual capacity (see Breed v Barton, 54 NY2d 82, 85-86 [1981]; Norte & Co. v New York & Harlem R.R. Co., 222 AD2d 357, 358 [1995]).
Accordingly, the Supreme Court properly granted the respondents’ motion for summary judgment dismissing the plaintiffs first, second, and third causes of action insofar as asserted against them.
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Covello, Balkin and Dickerson, JJ., concur.