■ LILLIAN N. NALL et al., Appellants, v ESTATE OF DAWN POWELL, Deceased, et al., Respondents, et al., Defendants. [952 NYS2d 484]—

The complaint is untimely under the four-year California statute of limitations governing contract actions (see CPLR 202). Plaintiff Nall is a California resident, and the economic impact of her claimed injury was sustained in that state (see *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999]). Nall's attempt to carve out a real estate transfer exception to the general rule articulated in *Global Fin. Corp.* is unpersuasive. Plaintiffs contend that the parties had a reasonable time to close after the scheduled December 31, 2004 closing date set forth in their term sheet agreement because the term sheet agreement did not provide that time was of the essence, and that the determination of a reasonable time ordinarily presents a question of fact. However, this action was commenced $2^{1}/_2$ years after the 4-year limitations period had expired, and that interval was not adequately explained. Plaintiffs' allegations regarding the parties' agreements to extend some of the term sheet deadlines are conclusory (see *Pitcock v Kasowitz, Benson, Torres & Friedman, LLP*, 80 AD3d 453, 454 [1st Dept 2011], *lv denied* 16 NY3d 711 [2011]). The events that plaintiffs allege occurred in 2005 and 2006 would not sufficiently postpone the date of the accrual of their claim. In view of the foregoing, it is unnecessary to address defendants' alternative argument that the term sheet was merely an unenforceable agreement to agree. As to plaintiff's motion for leave to amend, the proposed pleading does not remedy the deficiencies of the complaint (see *Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]).

Business Corporation Law § 909 does not apply to the leasing of York's Seventh Avenue building because the proposed lease does not constitute a transfer of all or substantially all of York's assets, which include other commercial properties, and was not made outside of the ordinary course of York's actual business (see *Soho Gold v 33 Rector St.*, 227 AD2d 314 [1st Dept 1996], *lv denied* 89 NY2d 806 [1997]). The building has long been leased commercially, except for a recent period of several years when it was vacant and in need of renovations. Contrary to plaintiffs' contention, the motion court's determination of this issue was not procedurally improper.

No appeal lies from an order declining to sign an order to show cause (*Kalyanaram v New York Inst. of Tech.*, 91 AD3d 532 [1st Dept 2012]; *Naval v American Arbitration Assn.*, 83 AD3d 423 [1st Dept 2011]; *Nova v Jerome Cluster 3, LLC*, 46 AD3d 292 [1st Dept 2007]). Concur—Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.