CANDACE CARMEL BARASCH, Respondent, v WILLIAMS REAL ESTATE Co., INC., Appellant, et al., Respondents. [954 NYS2d 527]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered on or about November 7, 2011, which, to the extent appealed from as limited by the briefs, granted petitioner an appraisal of the fair value of her shares in respondent Williams Real Estate Co., Inc. and denied Williams' cross motion for summary judgment dismissing the petition as against it, unanimously affirmed, with costs.

Williams sent a formal notice to its shareholders, stating that a meeting would be held to consider "[t]he authorization . . . of *the proposed disposition of substantially all of [its] assets*" (emphasis added). In reliance thereon, petitioner chose to exercise her appraisal rights under Business Corporation Law § 910 (a) instead of, for example, seeking to enjoin the transaction. Hence, Williams is estopped from denying that it disposed of substantially all of its assets (*see Matter of McKay v Teleprompter Corp.*, 19 AD2d 815 [1st Dept 1963], *appeal dismissed* 13 NY2d 1058 [1963]). Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISPIN GUITY, Appellant. [953 NYS2d 860]—Judgment of resentence, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered July 18, 2011, resentencing defendant to an aggregate term of 12 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Velez*, 19 NY3d 642, 647-649 [2012]; *People v Lingle*, 16 NY3d 621 [2011]). Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.