Coalition of Landlords v S. & A. Neocronon, Inc. (2024 NY Slip Op 00612)

Coalition of Landlords v S. & A. Neocronon, Inc.

2024 NY Slip Op 00612

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-05604
 (Index No. 612748/19)

[*1]Coalition of Landlords, Homeowners & Merchants, Inc., et al., appellants,
v S. & A. Neocronon, Inc., etc., et al., respondents.

Judith N. Berger, Lindenhurst, NY, for appellants.
Gerard Glass & Associates, P.C., Babylon, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 12, 2020. The order, insofar as appealed from, granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiffs commenced this action, inter alia, to enforce an alleged agreement dated August 9, 2002 (hereinafter the alleged 2002 agreement), between the plaintiff Coalition of Landlords, Homeowners & Merchants, Inc. (hereinafter the Coalition), the defendant S. & A. Neocronon, Inc. (hereinafter S & A), and the defendant Steven Paloubis. The alleged 2002 agreement provides, among other things, that the Coalition may purchase certain real property from S & A or its successor at the Coalition's option between April 1, 2019, and March 31, 2020. After the plaintiffs moved for certain relief, the defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated May 12, 2020, the Supreme Court, among other things, granted that branch of the defendants' cross-motion. The plaintiffs appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [internal quotation marks omitted]).
On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion [*2]to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court erred in granting that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The defendants' documentary evidence did not utterly refute the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law, and the defendants' submissions did not demonstrate that the plaintiffs have no cause of action. Contrary to the defendants' contention, the alleged 2002 agreement, which lists S & A and Paloubis as parties and is signed by Paloubis, does not conclusively establish that Paloubis signed the agreement solely in his personal capacity and not as an officer and shareholder of S & A (cf. Rotuba Extruders v Ceppos, 46 NY2d 223, 227, 231). Furthermore, since the plaintiffs dispute the authenticity of an alleged 2010 lease agreement, the 2010 lease agreement is not documentary evidence within the intendment of CPLR 3211(a)(1) (see Parekh v Cain, 96 AD3d 812, 815; Greenapple v Capital One, N.A., 92 AD3d 548, 550). In any event, both the estoppel certificate and the merger clause of the 2010 lease agreement acknowledge the existence of other, unspecified agreements between the parties and, thus, do not utterly refute the existence and terms of the alleged 2002 agreement (see Goldman v Nationstar Mtge., LLC, 205 AD3d 1008, 1010; Safariland, LLC v H.B.A. Agencies, Ltd., 198 AD3d 519, 520-521). Finally, the defendants failed to submit evidence conclusively establishing that the sale of the subject property would constitute a "disposition of all or substantially all the assets" of S & A or that it was "not made in the usual or regular course of the business actually conducted" by S & A (Business Corporation Law § 909[a]; see Posner v Post Rd. Dev. Equity, 253 AD2d 866, 867; Soho Gold v 33 Rector St., 227 AD2d 314, 315).
Thus, the Supreme Court should have denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
In light of the parties' numerous unresolved factual disputes, the present record is insufficient to determine whether the defendants' conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (see Del Vecchio v Del Vecchio, 219 AD3d 572; Rhodes v Rhodes, 169 AD3d 841, 845).
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court