■ SAMUEL M. GOODMAN et al., Respondents, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Order, entered May 4, 1959, as denies defendant's motion to dismiss the first cause of action in the complaint, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the first cause of action in the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, granted, with $10 costs, with leave, however, in the exercise of discretion, to plaintiffs to serve an amended complaint within 20 days after service upon them of a copy of the order entered herein, with notice of entry. Plaintiffs seek to recover damages sustained by them as a result of the defendant title company's negligence in the issuance of an incorrect title report — said report having been issued to a prospective buyer of plaintiff's property under contract to purchase. By reason of the defendant's declaration as to the noninsurability of an easement the purchaser elected to rescind the contract and the plaintiffs allegedly sustained damage for which they now seek a recovery. The first cause of action, relying as it does upon the negligence of the title company is insufficient, there being no privity between the parties (*Ultramares Corp.* v. *Touche*, 255 N. Y. 170). However, if the issuance of the report occurred through negligence so reckless as to justify a finding that the defendant had no knowledge of or genuine belief in its accuracy the defendant would be guilty of fraud (*Ultramares Corp.* v. *Touche, supra*). The plaintiffs plead that the defendant had knowledge of the terms of the contract and knew the purpose to which its report would be put. Consequently, it should have known that the report being adverse would probably frustrate the sale causing damage to the plaintiffs. Having been informed of the purpose of the report and knowing that damage would accrue to specific individuals in the event that the report was incorrect, the defendant should be held liable to such individuals, the plaintiffs here, for the consequences of the issuance of such report in a manner that could be deemed to be fraudulent. However, such cause of action must be pleaded in fraud. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.