OPINION OF THE COURT
Martin Evans, J.
Petitioner in this proceeding for the judicial dissolution of a close corporation moves, under section 1114 of the Business Corporation Law, for an order setting aside a consent judgment of eviction rendered against the corporation after the dissolution proceeding had already been pending.
Petitioner and one Jan Helgeson are each 50% shareholders of the respondent corporation, which, until its eviction in July, 1980, operated a restaurant on East 55th Street off Lexington Avenue. Respondent Milta Realty Corp. owns and had leased the premises to respondent Mon Amour, whose term had approximately six additional years to run plus a two-year renewal option. Helgeson controlled the restaurant’s daily operation, and *394 served as the corporation’s treasurer. Unspecified “irreconcilable conflicts” arose between the shareholders which ultimately led petitioner to initiate this dissolution proceeding. Service of the petition was effected on Helgeson and the corporation, and publication was completed by July 2, 1980.
Meanwhile, Milta had initiated a summary nonpayment proceeding against the corporation, based on failure to pay a minimal amount. On the eve of the return date, July 8, 1980, Helgeson abruptly discharged the attorney, Stephen Mahler, Esq., whom she had retained to defend the proceeding on behalf of the corporation; she then executed a stipulation of settlement which consented to the entry of a judgment of eviction. Milta claims that it did not know of the prior initiation of the dissolution proceeding in this court; petitioner claims that she did not know of the pendency of the summary proceeding in Civil Court. Petitioner avers that she first learned of the summary proceeding after walking by the premises on July 9, only to find demolition in progress. Petitioner also argues, given the circumstances of both the Civil Court proceeding, and the ongoing major assemblage of contiguous parcels, that there is a strong indication that Helgeson’s consent was procured by bribery. At approximately this time, Mahler, whose suspicions had been aroused, informed petitioner of the summary proceeding. Petitioner then moved in Civil Court to set aside the judgment. Finding no evidence of fraud on the record submitted, the Civil Court (Sena, J., Sept. 8, 1980) denied the motion to vacate but indicated that the request for relief under section 1114 of the Business Corporation Law was sufficiently pleaded and would be available in “another forum”, i.e., this court. Plaintiff has since brought a separate action in this court against Helgeson, Milta and Milta’s attorneys seeking damages for, inter alla, fraud and breach of fiduciary duty.
Petitioner contends here that the Civil Court judgment must be vacated as having been obtained in violation of section 1114 of the Business Corporation Law. Milta argues that the judgment is not a transfer or conveyance of property embraced by section 1114. Milta also contends *395 that, in any event, section 1114 relief cannot be requested by motion in the dissolution proceeding, but rather should require a separate plenary action and trial.
Section 1114 of the Business Corporation Law states: “A sale, mortgage, conveyance or other transfer of, or the creation of a security interest in any property of a corporation made, without prior approval of the court, after service upon the corporation of a summons in an action, or of an order to show cause in a special proceeding, under this article in payment of or as security for an existing or prior debt or for any other or for no consideration, or a judgment thereafter rendered against the corporation by confession or upon the acceptance of any offer, shall be void as against such persons and to such extent, if any, as the court shall determine.”
It is obvious both from the wording of section 1114 itself, and from the general statutory scheme enabling judicial dissolution under article 11 of the Business Corporation Law, that “the court” empowered to void such transactions is the court before which the dissolution proceeding is pending. Similarly, section 1115 of the Business Corporation Law permits the court to grant injunctive relief restraining officers, directors and creditors from transacting business or dissipating corporate assets during the pendency of the dissolution proceeding. These complementary sections give the court supervising the dissolution the power pendente lite to preserve the corporate estate, and are analogous to the object and powers of the bankruptcy courts under Federal law. Moreover, logic and the public interest in judicial economy dictate that interrelated issues, as those here presented, be adjudicated by the same court so as to expeditiously produce a just and coherent result. Not only are the issues raised on this motion related to those posed by the dissolution proceeding, the conclusions to be drawn on this motion are certainly relevant to, and may actually determine, the court’s ultimate determination of the dissolution proceeding. To hold that the bringing of a separate plenary proceeding is required would thus destroy the statutory scheme and produce additional and *396 unnecessary formalistic practice, since the matters are subject to consolidation or joint trial.
Not only may a section 1114 motion be brought in this proceeding, the relief requested may be sought under that section. First, Judge Sena’s denial of the Civil Court motion to vacate does not bar the relief sought here. Since the relief was denied with express leave to move in this court, the Civil Court denial is not res judicata; since the Civil Court abstained from deciding the question before this court, that of section 1114 violation, its decision does not have collateral estoppel effect here.
Furthermore, as it is undisputed that the judgment at issue was “thereafter rendered”, i.e., after the institution of the dissolution proceeding, it is clear that it is subject to being vacated here. Defendant’s strained analysis of the lease relinquishment as an “extinction” rather than a “transfer” is both inapposite and academic. Neither does the premises’ demolition prevent this court from vacating the eviction. While the physical status quo ante may have been destroyed and may be incapable of restoration, the parties’ jurai relationships may remain. As the leasehold assuredly had some value, the parties’ rights, once adjudicated, can be quantified and compensated.
Nevertheless, section 1114 of the Business Corporation Law does not mandate that the consent judgment be declared void. Although the statute uses mandatory language (“shall be void”, rather than “may be void” or “shall be voidable”), the manifest intent of the statutory scheme, as well as additional language, indicate otherwise. First, the use of the further clause “as against such persons and to such an extent, if any, as the court shall determine” directs the court to determine the issues entirely according to its discretion; obviously, the empowering of the court to use its inherent equitable powers belies any mandatory intent. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 177.) Moreover, if. the intent of section 1114 was to automatically void any such transactions, much of section 1115 would be rendered unnecessary. Section 1115 (subd [a], par [2]) of the Busi *397 ness Corporation Law empowers the court to enjoin “the corporation and its directors and officers from * * * paying out or otherwise transferring or delivering any property of the corporation, except by permission of the court.” The intent of each section is similar: to enable the court to preserve corporate property for the benefit of shareholders and creditors; while section 1115 looks prospectively, to prevent improper future actions injurious to the corporate estate, section 1114 operates retrospectively permitting the court to set aside past injurious acts which, as alleged here, have come to light only after their commission.
The issues raised herein, including alleged fraud, bribery of a corporate officer and lack of authority, while sufficiently stated to require a trial, cannot be decided on the record before the court. Settle order providing for assignment to the appropriate Trial Calendar.