■ RAMESH C. VIG et al., Doing Business as V & V ASSOCIATES, Appellants-Respondents, v DEKA REALTY CORP., Respondent-Appellant, and ALEXANDER J. VARVERIS, Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, (1) the plaintiffs appeal from an order of the Supreme Court, Queens County (Posner, J.), dated September 30, 1987, which denied their motion for summary judgment, and (2) the defendant Deka Realty Corp. (hereinafter Deka) cross-appeals from so much of the same order as, in effect, denied its application for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by adding provisions (1) that Deka is granted summary judgment dismissing the complaint insofar as it is asserted against it, and (2) severing the action as against the remaining defendant; as so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

On March 9, 1984, the plaintiffs entered into a contract for the purchase of the premises located on 34th Avenue in Jackson Heights, New York. The contract was executed by Alexander Varveris, ostensibly as president of Deka and on its behalf. However, when the shareholders of Deka learned of the contract they refused to sanction it, and the instant action was commenced.

Deka was incorporated in May 1980 "to do everything suitable, proper and conducive to the successful conduct of a real estate business", including the buying and selling of real property. At the time the contract was executed Deka had three shareholders, Alan Epstein, John Varveris and James Zacharakos, who held all of the outstanding shares of stock.

Deka remained dormant until March 24, 1982, when it acquired the property located on 34th Avenue, Jackson Heights, New York. The record establishes that this property was the only significant asset owned by Deka. Deka operated and managed the building located on the property from March 24, 1982, to March 9, 1984. It engaged in no other business of any kind.

Business Corporation Law § 909 (a) provides, *inter alia,* that a sale of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business actually conducted by the corporation, shall be authorized only by a vote of two thirds of all outstanding shares entitled to vote. The plaintiffs contend that this sale was within the usual or regular course of Deka's business, and, therefore, shareholder approval was not required. In support of their contention, the plaintiffs point to Deka's certificate of incorporation which, as noted above, authorizes the corporation to sell real property. The statute, however, applies to sales "not made in the usual or regular course of the business *actually conducted* by such corporation" (Business Corporation Law § 909 [a] [emphasis added]; *see generally, Eisen v Post,* 3 NY2d 518, 526 [Fuld, J., dissenting], *rearg denied* 4 NY2d 805; *Stratford May Corp. v Euster,* 24 AD2d 935, *lv denied* 17 NY2d 420; *Boyer v Legal Estates,* 44 Misc 2d 1065). Deka's regular business was managing this one piece of property. It was not

actually engaged in the business of selling real property. Thus, the sale of this property, Deka's sole asset, was not made in its usual course of business. Consequently, the sale required shareholder approval. Since Deka's shareholders refused to give their approval, specific performance cannot be granted.

Furthermore, the plaintiffs failed, in their response to Deka's application for summary judgment, to establish that Alexander Varveris possessed such implied or apparent authority as to estop Deka from asserting Business Corporation Law § 909 (a) as a defense. The plaintiffs were aware that the owner of the property was a corporation. While the president of a corporation may have implied authority to do necessary acts within the scope of his usual and ordinary duties, he does not possess such authority as to unusual or extraordinary events. Clearly, the sale of the sole significant asset of the corporation was unusual and extraordinary. Business Corporation Law § 909 (a) explicitly states that such a sale must be authorized by the requisite vote of the shareholders and effectively precludes any implication of authority to Alexander Varveris. The statute also precludes any claim of apparent authority since those who deal with corporations are bound by the statutory limitations on the authority of corporate officers *(see, Traitel Marbel Co. v Brown Bros.,* 159 App Div 485; *Goldenberg v Bartell Broadcasting Corp.,* 47 Misc 2d 105; 15 NY Jur 2d, Business Relationships, § 914).

We find no triable issue of fact with respect to the liability of Deka on this contract. Accordingly, summary judgment dismissing the complaint as against Deka is granted. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.