SECOND DEPARTMENT, JANUARY, 1992

(January 13, 1992)

JOSEPH BOUTON et al., Appellants, v THOMAS BROS. SALES CORP. et al., Respondents.

The defendant Thomas Bros. Sales Corp. is a domestic corporation which operates an automotive repair and supplies business in Staten Island. The defendant Edward Thomas, Sr., is the corporation's majority shareholder and treasurer, and

the remaining shares of Thomas Bros. Sales Corp. are owned by his children Edward Thomas, Jr., and Deborah Kublin.

On May 14, 1987, the defendant Edward Thomas, Sr., acting in his capacity as treasurer of the corporation, entered into two interrelated contracts to sell the automotive repair business, and the real property upon which it is located, to the plaintiffs. Three months later, however, at a special shareholders meeting held on August 11, 1987, Edward Thomas, Jr. and Deborah Kublin, who together owned 46% of the stock, refused to authorize the proposed sale. The plaintiffs were subsequently notified, by letter dated August 17, 1987, that the subject contracts were void because the minority shareholders had voted against the sale of the corporation's business and property. The plaintiffs then commenced this action, seeking, *inter alia,* specific performance of the two contracts, and damages for breach of contract. The defendants thereafter moved for summary judgment, and the Supreme Court granted the motion and dismissed the complaint, concluding that the contracts of sale were unenforceable because they had not been approved by two-thirds of the corporation's shareholders, as required by Business Corporation Law § 909. We agree.

Business Corporation Law § 909 provides, in relevant part, that the sale of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business actually conducted by the corporation, shall be authorized only by a vote of two-thirds of all outstanding shares entitled to vote. At bar, the sale of the automotive repair business and property of Thomas Bros. Sales Corp. was clearly not in the "usual or regular" course of the corporation's business (Business Corporation Law § 909 [a]), and the statute accordingly required the proposed sale to be approved by a two-thirds vote *(see, Vig v Deka Realty Corp.,* 143 AD2d 185).

Despite the statutory requirement, the plaintiffs, in opposition to the motions for summary judgment, did not deny that they were aware that the automotive repair shop and property were owned by a corporation. Instead, the plaintiffs contended that they believed that Edward Thomas, Sr., was the sole shareholder of the company because he was the only individual who appeared to act in a managerial capacity or to make business decisions on behalf of the corporation. However, as we have previously noted, Business Corporation Law § 909 "precludes any claim of apparent authority since those who deal with corporations are bound by the statutory limitations on the authority of corporate officers" *(Vig v Deka Realty*

*Corp., supra,* at 187). Accordingly, the plaintiffs' efforts to raise a triable issue of fact based on the apparent authority of Edward Thomas, Sr., to act on behalf of the corporation are insufficient to defeat the motions for summary judgment.

We have examined the parties' remaining contentions, and find that they are either unpreserved for appellate review or are without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.