■ MARIST COLLEGE et al., Plaintiffs, v CHAZEN ENVIRONMENTAL SERVICES, INC., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. BRUSH & WEAVING CORPORATION, Doing Business as BLOCKSOM & Co., Third-Party Defendant-Respondent. [923 NYS2d 695]—

■ 

In an action, inter alia, to recover damages pursuant to Navigation Law § 181, resulting from the discharge of petroleum, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated April 2, 2010, which granted the motion of the third-party defendant to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]). In considering such a motion, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

The Supreme Court properly held that the defendant/third-party plaintiff, Chazen Environmental Services, Inc. (hereinafter Chazen), did not state a cause of action for indemnification pursuant to Navigation Law § 181 (5). Even though the Navigation Law must be liberally construed (*see 145 Kisco Ave. Corp. v Dufner Enters.*, 198 AD2d 482, 483 [1993]), Chazen does not qualify as an "injured person" under the statute and, accordingly, cannot maintain a cause of action for indemnification (*see* Navigation Law § 172 [3]; § 181 [5]; *cf. White v Long*, 85 NY2d 564, 569 [1995]; *Nappi v Holub*, 79 AD3d 1110 [2010]).

Chazen also did not state a cause of action for indemnification under the common law. Chazen's potential liability to the plaintiffs, Marist College and Marist Real Property Services, Inc. (hereinafter together Marist), is limited to the damages resulting from Chazen's alleged breach of its contract with Marist and its alleged negligence arising from its insufficient environmental assessment. There is no allegation that Chazen is liable for the injuries to the property sustained as a result of alleged environmental contamination of the property by the third-party defendant, Brush & Weaving Corporation, doing business as Blocksom & Co. (hereinafter Blocksom) (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]). Accordingly, Chazen cannot seek indemnification from Blocksom for its own alleged breach of contract and negligence (*cf. General Cas. Ins. Co. v Kerr Heating Prods.*, 48 AD3d 512, 514 [2008]).

Chazen also did not state a cause of action for common-law contribution because Blocksom, a prior owner of the property, owed no duty to Chazen related to Chazen's contract with Marist for an environmental assessment of the property. Moreover, even if Blocksom did owe such a duty, any alleged breach of that duty by Blocksom did not have " 'a part in causing or augmenting the injury for which contribution is sought' " (*Raquet v Braun*, 90 NY2d at 183, quoting *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]). Blocksom is allegedly a polluter, but its status as such has no bearing on Chazen's alleged failure to conduct a proper environmental assessment of the property and to comply with the terms of its contract with Marist. Accordingly, the Supreme Court properly held that Chazen did not state a cause of action for common-law contribution.

In light of our determination, we need not reach the parties' remaining contentions. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.