OPINION OF THE COURT
Carolyn E. Demarest, J.
Respondents Bay Shine Management Company (Bay Shine) and Ray Chen (Chen) move for an order, pursuant to CPLR 3211 (a) (7), dismissing the cross claims of respondent 973 44th Street Realty LLC (973 44th Street) as against Bay Shine and Chen.
973 44th Street’s cross claims against Bay Shine and Chen for indemnification/contribution arise in this special proceeding commenced by petitioner Shau Chung Hu to wind up the affairs of respondent Lowbet Realty Corp. (Lowbet) and to determine if *589 the assets of Lowbet had been dissipated by respondent Margaret Liu, and if they had, the extent of the dissipation.[1]
Lowbet is a corporation that petitioner purchased in January 1980 whose sole asset was a residential apartment building with 19 rental units (referred to as the property or the premises hereafter). In 1985, petitioner married Liu and Liu thereafter obtained a 25% interest in Lowbet, with petitioner retaining the remaining 75% interest. Upon the commencement of this special proceeding, the court granted a temporary restraining order that required, among other things, that Bay Shine, which was the management company for the property owned by Lowbet, continue to act as the management company. The temporary restraining order also barred petitioner and Liu from participating in the management of the realty and barred them from removing assets of Lowbet without further court order. It is not clear whether the temporary restraining order was served upon Bay Shine by petitioner.
As alleged in the amended petition, despite the temporary restraining order, by way of a February 16, 2012 document signed by Liu and signed on behalf of Bay Shine by Chen, Bay Shine resigned as managing agent of Lowbet and provided Liu with corporate items, including Lowbet’s checkbook and keys. Petitioner alleges that these acts were done without notifying petitioner. Thereafter, Liu, by way of a deed dated February 22, 2012, sold the property to 973 44th Street for $1,600,000 without petitioner’s knowledge or consent and without court approval.[2]
Petitioner alleges three causes of action against 973 44th Street: (1) seeking rescission of the sale of the property pursuant to Business Corporation Law § 1114;[3] (2) seeking an accounting, pursuant to Business Corporation Law § 1114, of 973 *590 44th Street’s rents, income and profits since its purchase of the property; and (3) seeking rescission of the sale of the property as a fraudulent conveyance on the ground that 973 44th Street knew or should have known that petitioner had an interest in the property and that Liu was not authorized to conduct the transaction. With respect to Bay Shine and Chen, petitioner alleges a cause of action premised on breach of fiduciary duty, aiding or abetting a breach of fiduciary duty and/or negligence, based on Bay Shine’s resigning as managing agent and turning over corporate documents and keys to Liu, and by such acts, done without informing petitioner, Bay Shine and Chen facilitated the “fraudulent” sale of the property.
973 44th Street alleges in its cross claim against Bay Shine and Chen that
“in the event that the Court rescinds the sale of the Premises to [973 44th Street] . . . [973 44th Street] would sustain damages in the minimum amount of $1,600,000 with interest . . . costs and counsel fees . . . and would be entitled to indemnification and/or contribution from Bay Shine and Ray Chen to the extent that their negligence, breach of contract, violation of this Court’s October 5, 2011 order, willful conduct, or their aiding and abetting Liu caused or contributed to” the damages suffered by 973 44th Street.
In moving to dismiss 973 44th Street’s cross claims as against Bay Shine and Chen, Bay Shine and Chen assert that 973 44th Street has no legal basis for its indemnification and contribution claims.
In considering a motion to dismiss for failing to state a cause of action under CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction (CPLR 3026), and the court should accept as true the facts alleged in the complaint, accord the pleading the benefit of every possible inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (see Hurrell-Harring v State of New York, 15 NY3d 8, 20 [2010]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In applying these principles, 973 44th Street’s cross claims for contribution and/or indemnification from Bay Shine and Chen must be *591 considered in conjunction with the petitioner’s claims against 973 44th Street alleged in the petition (Musco v Conte, 22 AD2d 121, 122 [1964]; see also Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 29 [1987]).
The right to contribution is codified in CPLR article 14. CPLR 1401[4] governs who may obtain contribution and under what circumstances it may be obtained, and CPLR 1402[5] addresses how the amount of contribution is to be determined. Under section 1402, a party may not obtain contribution unless it has paid more than its equitable share of the judgment (Edgewater Apts. v Flynn, 268 AD2d 227, 228 [1st Dept 2000]; Schlimmeyer v Yurkiw, 50 AD2d 616, 617 [3d Dept 1975]; CPLR 1402). As the right to contribution had its genesis in tort law, some form of tort liability is a prerequisite for obtaining contribution under CPLR 1401 (Board of Educ. of Hudson City School Dist., 71 NY2d at 27-28).[6]
The Court of Appeals has held that CPLR 1401 does not apply where the liability to the plaintiff is based solely on a breach of a contractual obligation (id. at 28). However, the touchstone for determining the right to contribution is the nature of the damages sought, not the nature of the claim alleged in the complaint (see Children’s Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 324 [1st Dept 2009]; Trump Vil. Sec *592 tion 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 897 [1st Dept 2003], lv denied 1 NY3d 504 [2003]). Even if an action sounds in tort, if the damages sought are in the nature of contract-based economic damages, contribution is not available 0Children’s Corner Learning Ctr., 64 AD3d at 324).
Petitioner seeks rescission of the sale to 973 44th Street, pursuant to Business Corporation Law § 1114, and a declaration that the transfer is void based upon the fraudulent sale, without court approval, during the pendency of this proceeding. Petitioner further alleges that 973 44th Street was a knowing, or presumptively knowing, participant in the fraud perpetrated by respondent Liu, with the assistance and complicity of respondents Bay Shine and Chen, and that all three respondents are, therefore, liable to petitioner for damages under a tort theory of fraud or aiding and abetting a breach of fiduciary duty by Liu. Thus, unless refunded the price of the property, 973 44th Street will sustain an actual loss by virtue of having paid $1,600,000 for the property, which it seeks to recover from Bay Shine and Chen, either in indemnification or in contribution if Bay Shine and Chen are also determined to be liable to petitioner. While 973 44th Street’s loss is predicated upon its contract with Lowbet transferring title to the property, its claims against Bay Shine and Chen are based upon its actual out-of-pocket loss of property as a result of tortious acts; 973 44th Street does not seek consequential damages or exclusively economic loss based upon an anticipated benefit of the bargain. The damage to 973 44th Street therefore qualifies under CPLR 1401 as “injury to property” (see Masterwear Corp. v Bernard, 3 AD3d 305, 307 [1st Dept 2004]; contrast Children’s Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 323 [1st Dept 2009]).
Petitioner’s claims for rescission and an accounting are statutory claims based on Business Corporation Law § 1114, which empowers a court to exercise its inherent equitable power, in the context of a proceeding for judicial dissolution, to set aside an unauthorized transfer of a corporate asset (Matter of Schramm, 107 Misc 2d 393, 396-397 [Sup Ct, NY County 1980]). Although not tort-based, per se, the court is authorized to determine the extent to which such transfer shall be void, suggesting a standard analogous to that for a fraudulent conveyance.
*593 The fraudulent conveyance claim is a tort-based claim in which 973 44th Street’s liability would be based on its acting knowingly with respect to Liu’s lack of authority, or negligently in failing to ascertain her authority, given that the sale involved Lowbet’s sole asset which was subject to the court’s order barring such a transaction (see Bouton v Thomas Bros. Sales Corp., 179 AD2d 612, 613 [2d Dept 1992]; Vig v Deka Realty Corp., 143 AD2d 185, 187 [2d Dept 1988]; Matter of Lowbet Realty Corp., 38 Misc 3d at 598; see also Masterwear Corp. v Bernard, 3 AD3d 305, 306-307 [1st Dept 2004]; Malul v Azulay, 38 Misc 3d 1208[A], 2013 NY Slip Op 50022[U], *6 [Sup Ct, Queens County 2013]). Petitioner asserts that Bay Shine and Chen are liable to him because Bay Shine’s acts in resigning as the managing agent and turning over corporate materials facilitated Liu’s fraudulent conveyance of the property. Although underlying petitioner’s claim for rescission is the contract between Lowbet and 973 44th Street, and although the liability of 973 44th Street and Bay Shine and Chen to petitioner is premised on different theories, it is “plausible that [their] actions and/or omissions, together, may have contributed to [petitioner’s] single injury” (Comi v Breslin & Breslin, 257 AD2d 754, 756 [3d Dept 1999]).
While petitioner seeks money damages against Bay Shine and Chen, relief sought with respect to 973 44th Street is the equitable remedy of rescission (see Vitale v Coyne Realty, 66 AD2d 562, 563, 568-569 [4th Dept 1979]; Pritz v Jones, 117 App Div 643, 649-652 [1st Dept 1907]). Courts have frequently held that contribution is unavailable to a party against whom the only relief sought was rescission (see Pinter v Dahl, 486 US 622, 661 n 7 [1988, Stevens, J., dissenting]; Olson v Thompson, 273 Minn 152, 154-155, 140 NW2d 321, 322 [1966]; Marram v Kobrick Offshore Fund, Ltd., 25 Mass L Rptr 443, 2009 WL 1015557 *13 n 4, 2009 Mass Super LEXIS 85, *41 n 4 [2009]; Moslem v Parietti & McGuire Ins. Agency, 2011 WL 721653, *5, 2011 US Dist LEXIS 18531, *21-24 [SD NY 2011]; see generally United States ex rel. Ryan v Staten Is. Univ. Hosp., 2011 WL 1841795, *5-8, 2011 US Dist LEXIS 51648, *13-30 [ED NY 2011]), primarily because the purpose of the equitable remedy is to return the parties to the status quo ante, which requires that the party from whom the property is taken receive back the consideration paid for the property (see Vitale, 66 AD2d at 563, 568-569; Pritz, *594 117 App Div at 650-651; Woodling v Garrett Corp., 813 F2d 543, 561-562 [2d Cir 1987]).[7]
In its typical application, the remedy of rescission thus results only in contract-based economic loss (Children’s Corner Learning Ctr., 64 AD3d at 324).
However, in American Home Assur. Co. v Nausch, Hogan & Murray, Inc., the Appellate Division, First Department recognized that, in some circumstances, the remedy of rescission may have the same effect as subjecting a party to damages for which contribution would be allowed (71 AD3d 550, 552-553 [1st Dept 2010]). Moreover, even where the only remedy requested is rescission, when a court finds that the remedy of rescission is impossible or impracticable, money damages may be awarded instead of the equitable remedy of rescission (Ungewitter v Toch, 31 AD2d 583, 584 [3d Dept 1968], affd 26 NY2d 687 [1970]; see also 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 483 [1986], appeal dismissed, cert denied 481 US 1008 [1987]; Vitale, 66 AD2d at 563, 568-569; see also Lehman v Revolution Portfolio L.L.C., 166 F3d 389, 394 [1st Cir 1999]).
Applying these principles, while the pleadings alone do not suggest that the remedy of rescission would subject 973 44th Street to actual out-of-pocket damages as occurred in American Home Assur. Co., this motion is based only on the pleadings. Thus, it is premature to conclude, as a matter of law, that 973 44th Street will have been returned to its previous position prior to a judgment imposing the remedy of rescission. Moreover, depending on what the facts of the transaction reveal, 973 44th Street may also be subject to tort-based liability for fraud, for which it may obtain contribution from cotortfeasors (see Masterwear Corp. v Bernard, 3 AD3d 305, 307 [1st Dept 2004] [“any tortious act (other than personal injury) . . . resulting in damage constitutes an ‘injury to property’ within the meaning of CPLR 1401” and “(t)hat is no reason ... to bar the cross claim . . . since the issue of contribution or indemnification . . . must await resolution of plaintiffs’ claims”]; see also American Home Assur. Co., 71 AD3d at 552-553; see also Leh *595 man, 166 F3d at 394 [“(a)s long as damages may be awarded in lieu of rescission, impleader properly may be used to seek contribution toward those potential damages”]). As no determination has yet been made regarding the practicality or possibility of granting rescission and the impact of such rescission is unclear at this stage, dismissal of 973 44th Street’s contribution claim against Bay Shine and Chen would be premature (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Lehman, 166 F3d at 394).
Turning to 973 44th Street’s indemnification claim, “[i]mplied [or common-law] indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other” (Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]; State of New York v Stewart’s Ice Cream Co., 64 NY2d 83, 88 [1984]). Thus, it is well settled that a “person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity” (State of New York v Stewart’s Ice Cream Co., 64 NY2d at 88 [internal quotation marks omitted]; McDermott v City of New York, 50 NY2d 211, 216-217 [1980]). Common-law indemnification “is generally available in favor of one who is held responsible solely by operation of law because of his [or her] relation to the actual wrongdoer” (McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011] [internal quotation marks omitted]; see also D’Ambrosio v City of New York, 55 NY2d 454, 460-461 [1982]). A classic form of a common-law indemnification claim exists in favor of a party who is held vicariously liable for the tort of another (D’Ambrosio, 55 NY2d at 462; Marist Coll, v Chazen Envtl. Servs., Inc., 84 AD3d 1181, 1183 [2d Dept 2011], lv dismissed 17 NY3d 893 [2011]; Esteva v Nash, 55 AD3d 474, 475 [1st Dept 2008]; Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 453-454 [1st Dept 1985]). Although the doctrine of implied indemnification is not strictly limited to recovery by parties found to be vicariously liable (see State of New York v Stewart’s Ice Cream Co., 64 NY2d at 88 [State could recover costs of environmental cleanup from party responsible for contamination]; Murray Bresky Consultants, Ltd v New York Compensation Manager’s Inc., 106 AD3d 1255, 1259-1260 [3d Dept 2013]; City of New York v Lead Indus. Assn., 222 AD2d 119, 129-130 [1st Dept 1996]), a party may not obtain indemnification for its own wrong (Rosado v Proctor & Schwartz, 66 NY2d 21, 25-27 *596 [1985]; Marist Coll., 84 AD3d at 1183). In determining the right of a party to implied indemnification, the “key element ... is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor” (Raquet v Braun, 90 NY2d 177, 183 [1997] [internal quotation marks omitted]; see also Rosado at 24).
If 973 44th Street is found liable to petitioner for rescission based on fraud, it would not be able to obtain indemnification, since its loss would result from its own culpability in the transfer of title in violation of petitioner’s rights. Under such circumstances, 973 44th Street’s liability would not be only vicarious (see Marist Coll., 84 AD3d at 1183; Esteva, 55 AD3d at 475; Trustees of Columbia Univ., 109 AD2d at 453-454), and 973 44th Street would not be entitled to indemnification.
On the other hand, the statutory claims for rescission and an accounting pursuant to Business Corporation Law § 1114 may, in effect, impose vicarious liability on 973 44th Street for the actions of its corespondents in fraudulently conveying petitioner’s property because section 1114 does not require the court to find the recipient of the corporate property at fault before setting aside a sale. In defending the action, 973 44th Street argues that it acted without fault in purchasing the property and that the acts of petitioner, Bay Shine and Chen cloaked Liu with apparent authority to act on Lowbet’s behalf. Whether the collaborative actions of Liu and Bay Shine and Chen effectively defrauded 973 44th Street such that 973 44th Street’s loss of its property to petitioner through rescission warrants indemnification cannot be determined as a matter of law on the pleadings. Whether or not 973 44th Street can demonstrate that it reasonably believed that Liu had such authority,[8] a party’s ultimate ability to establish its allegations is not part of the calculus in determining a motion to dismiss (see EBC I, Inc., 5 NY3d at 19). Finally, as discussed above with respect to 973 44th Street’s contribution claim, 973 44th Street may be able to demonstrate that it has suffered damages or a loss as the result *597 of a rescission of the sale through no fault of its own and thus be eligible to recover on a theory of indemnification from those who caused its loss (American Home Assur. Co., 71 AD3d at 551-553; Masterwear Corp., 3 AD3d at 307).
Conclusion
Accordingly, Bay Shine and Chen’s motion to dismiss 973 44th Street’s cross claims is denied.

. The court notes that the facts are more fully detailed in this court’s decision and order, dated November 2, 2012, that granted petitioner’s motion for leave to amend the petition (Matter of Lowbet Realty Corp., 38 Misc 3d 589 [Sup Ct, Kings County 2012]).

. 973 44th Street essentially admits that it purchased the premises for $1,600,000.

. Business Corporation Law § 1114 provides:
“A sale, mortgage, conveyance or other transfer of, or the creation of a security interest in, any property of a corporation made, without prior approval of the court, after service upon the corporation of a summons in an action, or of an order to show cause in a special proceeding, under this article in payment of or as security for an existing or prior debt or for any other or for no consideration, or a judgment thereafter rendered against the *590 corporation by confession or upon the acceptance of any offer, shall be void as against such persons and to such extent, if any, as the court shall determine.”

. CPLR 1401 provides that
“[e]xcept as provided in sections 15-108 and 18-201 of the general obligations law, sections eleven and twenty-nine of the workers’ compensation law, or the workers’ compensation law of any other state or the federal government, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.”

. CPLR 1402 provides that
“[t]he amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party; but no person shall be required to contribute an amount greater than his equitable share. The equitable shares shall be determined in accordance with the relative culpability of each person liable for contribution.”

. Of note, the Court of Appeals has also declined to create a common-law right to contribution in contract actions (Board of Educ. of Hudson City School Dist., 71 NY2d at 29).

. Under these principles relating to rescission, there does not appear to be a legal basis for 973 44th Street’s assertion, made in its cross claim, that it will have suffered damages in the amount of $1,600,000 (the purchase price of the premises from Lowbet) if the sale of the premises is rescinded. Here, however, the party to whom payment was made, Liu, has absconded and recovery of the purchase price is problematic unless petitioner provides such funds.

. Of note, in this regard, the sale took place after the commencement of this special proceeding and the issuance of this court’s order barring the transfer of Lowbet’s assets, and the sale, which apparently involved substantially all of Lowbet’s assets, required approval of two thirds of the shareholders (see Bouton, 179 AD2d at 613; Vig, 143 AD2d at 187; Matter of Lowbet Realty Corp., 38 Misc 3d at 598; Business Corporation Law § 909 [b]). 973 44th Street’s due diligence in contracting to purchase solely upon the signature of Liu is therefore an issue of fact to be addressed at a later point.