Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about August 22, 2013, which granted plaintiffs motion for summary judgment declaring that the sale of its building does not require the consent of a super-majority of its shareholders pursuant to Business Corporation Law § 909 (a), and so declared, unanimously reversed, on the law, with costs, the motion denied, and it is declared that the sale of the building requires the consent of a super-majority of the shareholders pursuant to Business Corporation Law § 909 (a).
Business Corporation Law § 909 (a) governs the disposition of all or substantially all of a corporation’s assets, “if not made in the usual or regular course of the business actually conducted by such corporation.” Since plaintiff has never been engaged in the business of selling real estate, the sale of its building would not be made in the regular course of the business it “actually conduct[s]” (see Matter of McKay v Teleprompter Corp., 19 AD2d 815 [1st Dept 1963], appeal dismissed 13 NY2d 1058 [1963]; Vig v Deka Realty Corp., 143 AD2d 185 [2d Dept 1988], lv denied 73 NY2d 708 [1989]).
Concur—Renwick, J.P, Manzanet-Daniels, Feinman and Gische, JJ.