In the Matter of SOLL C. ROEHNER, Respondent, against GRACIE MANOR, INC., Appellant.

First Department, December 9, 1958.

*Jacob Mishler* of counsel (*Mishler & Wohl,* attorneys), for appellant.

*Daniel Jacobs* for respondent.

*Per Curiam.* Petitioner owns a 17½% interest in the respondent corporation, which was organized in 1954. It appears from the certificate of incorporation that the primary business of the corporation was the buying, selling, exchanging and leasing of real property. In 1955, the corporation constructed a multiple dwelling on East 85th Street in Manhattan. The management and operation of this building was the sole business activity of the respondent. In May, 1958, the property was sold for approximately $1,500,000 and the corporation received in cash approximately $350,000, representing the net amount over mortgages.

Thereafter, petitioner commenced this proceeding to have the value of his stock determined in accordance with section 21 of the Stock Corporation Law. It is conceded that no meeting of stockholders was held pursuant to section 45 of the same law. Thus, the issue is presented as to whether such sale was made outside the regular course of the corporation's business so as to give rise to a right of appraisal. We conclude that the issue has been decisively determined by *Eisen* v. *Post* (3 N Y 2d 518). There it was held that a real estate corporation may sell its only real estate asset without obtaining approval of its stockholders.

Special Term reached a contrary conclusion and granted the requested relief. It attempted to distinguish *Eisen* v. *Post* (*supra*) upon the ground that there the action was one to set aside a sublease made by the corporation. This distinction, in our opinion, does not avoid the holding in that decision that (1) if the only business conducted by a corporation is *ultra vires,* it may not be deemed the regular business within the meaning of section 20 of the Stock Corporation Law, and (2) the sale by a real estate corporation of its sole asset does not fall outside its broad chartered powers and, therefore, section 20 is inapplicable. Applying these rules to the instant case, it is plain that petitioner has no right to invoke the remedy provided by section 21.

A subsidiary issue is presented by the claim that the corporation not only planned to sell its sole asset but also to thereafter dissolve. Thus, it is argued this was not a sale in the regular course of business but for the sole purpose of liquidating the only asset and distributing the proceeds of sale. In this factual situation, petitioner obviously must be content with his pro rata

share of the cash assets if it is held that he had no remedy for the valuation of his minority stock interest in accordance with section 21.

The possibility exists that this might present a triable issue in the light of the conflicting facts in the several affidavits. Again, however, we are constrained to follow the implicit holding in *Eisen* v. *Post* (*supra*) that this issue has no relevancy. While the question was not discussed in the majority opinion, it was before the court. Thus, in the dissenting opinion (p. 529), it was said: "Before the sale, Eisen, a 50% stockholder, had an investment in a corporation engaged, during its entire existence, in owning and operating a particular leasehold and earning a steady income. After the sale, all that he had was a liquidating dividend derived from the purchase price, a far cry from what he had invested in. * * * It is difficult to understand how a sale effectively terminating the corporation's 'business' may be regarded as one made in its regular course, no matter how extensive the recitals of its charter."

The order appealed from should be reversed, without costs, on the law and the petition dismissed.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK, and BASTOW, JJ., concur.

Order unanimously reversed, on the law, without costs, and the petition dismissed.