■ WARREN COLE, Appellant, v HARRY MACKLOWE et al., Respondents. [953 NYS2d 21]—

Like parties to any contract, partners may fix their partnership rights and duties by agreement (*Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). Accordingly, when the agreement between partners is clear, complete and unambiguous, it should be enforced according to its terms (*id.* at 528).

Here, section 11.1 of the limited partnership agreement between the plaintiff and defendant MAK West 55th Street Associates (MAK West) states that upon termination of plaintiff's employment "he shall sell to [defendant Harry Macklowe] . . . and [Macklowe] . . . shall purchase . . . [plaintiff's] interest in the partnership pursuant to section 11.2." Section 11.2 states that "[plaintiff's] interest shall be purchased . . . [for] the amount that he would receive if the partnership sold all of its property for amounts equal to the amounts that [Macklowe] determines it would have received for such property in arm's length sales on the date of the [t]ermination." According to section 11.3 of the agreement, closing of the transaction was to occur no later than 90 days after plaintiff's termination.

The agreement thus provides that within 90 days of the termination of plaintiff's employment, it was the intent of the parties that plaintiff, via a sales transaction, would be divested of his partnership interest in MAK West. This intent, however, by the very terms of the agreement, could only be effectuated by following the mechanism prescribed, a sales transaction. The parties agree that plaintiff never sold, and Macklowe never

bought, plaintiff's partnership interest upon plaintiff's termination. However, they disagree as to result of such failures.

Contrary to the defendants' assertion, plaintiff's failure to sell his interest did not divest him of his partnership interest. Not only is the agreement void of any language mandating this result, but such interpretation of the agreement runs afoul of the well settled principle that a contract should not be interpreted to produce an absurd result, one that is commercially unreasonable, or one that is contrary to the intent of the parties (*Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [1st Dept 2003]). In the absence of express language divesting plaintiff of his partnership interest for his failure to sell his interest, such a result is simply contrary to basic contract law. Moreover, the interpretation of the agreement urged by defendants—allowing them to acquire plaintiff's partnership interest absent the consideration expressed in the agreement—represents a windfall to the defendants that is absurd, not commercially reasonable and contrary to the express terms of the agreement and thus the intent of the parties. Accordingly, plaintiff continues to hold his partnership interest. Therefore, the motion court erred in dismissing the complaint.

While it is certainly true that ''[c]ontract damages are ordinarily intended to give the injured party the benefit of the bargain by awarding a sum of money that will, to the extent possible, put that party in as good a position as it would have been in had the contract been performed'' (*Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 373 [1992]), we nevertheless reject defendants' contention that the foregoing principle of law serves to limit plaintiff's recovery to the value of his *partnership* interest on the date of his termination. Were plaintiff suing for defendants' failure to buy his partnership interest, then, as defendants posit, his recovery would be capped at the value of his partnership interest on the date of his termination rather than the present value of his interest. However, plaintiff does not sue for such a breach, suing instead for defendants' breach of the agreement insofar as they failed to provide him, a partner, with his share of the distribution made by them in 2008 when they sold the property constituting the partnership's sole asset. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.