(June 30, 2016)

■ CARA ASSOCIATES, L.L.C., et al., Respondents, v HOWARD P. MILSTEIN et al., Appellants. [36 NYS3d 6]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 13, 2015, which, inter alia, granted summary judgment to plaintiffs to the extent of declaring that plaintiffs Cara Associates, L.L.C. (Cara) and Hudson South Associates, LLC and Hudson South Site B Associates, LLC (together, Hudson) were empowered to remove defendant Howard P. Milstein's authority to manage, conduct, and operate the business of Mariner's Cove Site B Associates, Mariner's Cove Site J Associates, and Mariner's Cove Site K Associates (the partnerships) and to appoint a successor or successors by majority vote, unanimously modified, on the law, to delete the part of the declaration dealing with the appointment of a successor, and to declare that a new manager may be chosen by majority vote, and otherwise affirmed, without costs.

Since nonparty Wells Fargo Bank, N.A. ceased to hold a mortgage on the partnerships' unsold condominium units on December 24, 2015, the only document at issue on appeal is the written confirmatory agreement of partnership, not the written consent. The first sentence of paragraph 2 (b) of the partnership agreement states, *"[U]ntil changed by a majority in interest of the Partners, . . .* [defendant] Rector Park Associates LLC, Cara . . . , [and] Hudson . . . grant . . . Milstein authority to manage, conduct, and operate the Partnerships' businesses" (emphasis added). Therefore, Cara and Hudson— 60% of the partnership—had the authority to change the partners' grant of authority to Milstein (*see generally Cole v Macklowe*, 99 AD3d 595, 595 [1st Dept 2012] ["when the agreement between partners is clear, complete and unambiguous, it should be enforced according to its terms"]).

While the second sentence of paragraph 2 (b) states, "In the event that . . . Milstein is unable to act on behalf of the Partnerships by reason of death or other incapacity, the

Partners shall (by majority vote) designate a successor to act in . . . Milstein's stead," it does not limit the partners' ability to select a new manager only under the circumstances of Milstein's death or incapacity. A logical reading of the entire paragraph is that the partners are required to designate a successor to Milstein in the event of his death or incapacity, and may also do so by majority vote at any other time. This reading does not render the second sentence superfluous, in violation of the "cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect" (*Corhill Corp. v S.D. Plants, Inc.*, 9 NY2d 595, 599 [1961] [internal quotation marks and ellipsis omitted]).

Moreover, as Partnership Law § 40 (8) provides, "Any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners." Accordingly, a new manager of the partnership's ordinary day-to-day business can be selected by a majority vote.

The purpose of each partnership was to construct and manage a condominium. If all of the partnerships' remaining condominium units are sold, the partnerships will not be able to carry on business. Therefore, Partnership Law § 20 (3), rather than section 40 (8), applies to the sale of the remaining units. Unanimity of the partners is thus required to sell the remaining units. *Matter of Roehner v Gracie Manor, Inc.*, (6 AD2d 580 [1st Dept 1958], *affd* 6 NY2d 280 [1959]), on which plaintiffs rely, is not dispositive, as it dealt with a corporation, and corporations and partnerships are different (*see People v Zinke*, 76 NY2d 8, 14-15 [1990]).

Accordingly, the sale of a single unit is in the ordinary course of the partnership's business and may be approved by a majority of the partners (*see* Partnership Law § 40 [8]), whereas a bulk sale or other act that would make it impossible for the partnership to carry on business must be approved unanimously (Partnership Law § 20 [3]).

---

The decision and order of this Court entered herein on April 12, 2016 (138 AD3d 468 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 78242[U] [decided simultaneously herewith]). Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ.