ARHC BSHUMMO01, LLC v Big Spring Prop. Holdings LLC (2021 NY Slip Op 00987)





ARHC BSHUMMO01, LLC v Big Spring Prop. Holdings LLC


2021 NY Slip Op 00987


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 652920/19 Appeal No. 13144 Case No. 2020-02119 

[*1]ARHC BSHUMMO01, LLC, et al., Plaintiffs-Respondents-Appellants,
v
Big Spring Property Holdings LLC et al., Defendants-Appellants-Respondents.


Jacobowitz Newman Tversky LLP, Cedarhurst (Nathan Cohen of counsel), for appellants-respondents.
Arent Foxx LLP, New York (David N. Wynn of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 24, 2020, which granted plaintiffs' motion for summary judgment on the first cause of action, dismissed defendants' counterclaims, and declared that defendants' recovery is limited to $750,000 under the subject escrow agreement, unanimously affirmed, with costs.
"[A] written agreement that is clear and unambiguous on its face must be enforced according to the plain meaning of its terms, and extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous" (Banco Espirito Santo, S.A. v Concessionaria Do Rodoanel Oeste S.A., 100 AD3d 100, 106 [1st Dept 2012]). There were three mechanisms for recovery under the parties' escrow agreement, set forth in section 3. Under section 3(c), if defendants make a claim for indemnification under section 9.1 of a related operations transfer agreement (OTA), plaintiffs have 30 days to object in written detail. If plaintiffs object, under section 3(d) of the escrow agreement, the escrow agent is instructed not to release any funds subject to a claim notice until: (1) the claim has been finally adjudicated, or (2) mutual agreement of the parties has been reached. Notwithstanding the foregoing, under section 3(e) of the escrow agreement, if a settlement is reached, schedule A claims (i.e. claims pertaining to a Missouri action) are capped at "the lesser of (A) $750,000, (B) the settlement amount to be paid . . . pursuant to the Settlement Agreement and (C) the balance of the Escrow Fund." Since $750,000 is less than the settlement amount of $1,522,899.43, plaintiffs' indemnity under the schedule A claim cannot exceed $750,000. To find otherwise would render the "notwithstanding" clause in section 3(e) superfluous, in violation of the "cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect" (Cara Assoc., L.L.C. v Milstein, 140 AD3d 657, 658 [1st Dept 2016]).
Defendants' argument that they sent a notice of claim pursuant to the escrow agreement is unavailing in light of the fact that section 3(e) governs the subject settlement and consent. Nor was the consent an adjudication on the merits.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021