GIT Inc. v Quinn Emanuel Urquhart & Sullivan, LLP (2024 NY Slip Op 05486)

GIT Inc. v Quinn Emanuel Urquhart & Sullivan, LLP

2024 NY Slip Op 05486

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 156817/22 Appeal No. 2988 Case No. 2023-05919 

[*1]GIT Inc., Plaintiff-Appellant,
v
Quinn Emanuel Urquhart & Sullivan, LLP Defendant-Respondent.

Berry Law PLLC, New York (Eric W. Berry of counsel), for appellant.
Quinn Emanuel Urguhart & Sullivan, LLP, New York (Kevin S. Reed of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about July 13, 2023, which dismissed the amended complaint in its entirety, unanimously affirmed, with costs.
Plaintiff retained defendant law firm to represent it in, among other things, an action brought by nonparty UBS AG, London Branch to enforce guaranties plaintiff had given in connection with UBS's refinancing of delinquent loans to two of plaintiff's subsidiaries. Defendant's efforts were ultimately unsuccessful, and judgment was entered against plaintiff on the guaranties. Plaintiff then commenced this action alleging that defendant negligently represented it in the underlyingaction.
To adequately plead a legal malpractice claim, a plaintiff is required to allege facts showing that defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that defendant's breach of this duty proximately caused the plaintiff to sustain "actual and ascertainable damages" (Kaplan v Conway & Conway, 173 AD3d 452, 452 [1st Dept 2019]). Supreme Court correctly dismissed plaintiff's amended complaint in its entirety because plaintiff did not adequately allege facts demonstrating either negligence or causation for any of the five legal malpractice causes of action.
In the first cause of action plaintiff contends that defendant should have advanced an argument that pursuant to the literal terms of the refinancing credit agreements, UBS was required to, but did not, loan an additional $100 million to plaintiff's subsidiaries, and this failure of consideration rendered the guaranties unenforceable. However, plaintiff admits that this interpretation of the credit agreements was not intended by the parties and is contradicted by the sworn declarations of its own executives. Further, plaintiff does not allege that it ever told defendant to advance this interpretation of the credit agreements. Supreme Court thus properly determined that defendant did not commit malpractice in failing to advance this argument, because, among other reasons, plaintiff's new interpretation of the credit agreements was not supported and was commercially unreasonable (see e.g. Cole v Macklowe, 99 AD3d 595, 596 [1st Dept 2012]). Even had defendant raised an argument based on this interpretation of the credit agreements in the underlying action, plaintiff's executives' own sworn declarations unambiguously confirm that no party understood or intended for the credit agreements to be read in the way plaintiff now proposes.
In the second cause of action plaintiff asserts that defendant negligently failed to argue that the subsidiaries' obligations under the credit agreements, based on the parties' parol understandings of those agreements, were void for lack of consideration. Plaintiff argues, in essence, that the parties' "real" agreement, as opposed to the express terms of the credit agreements, was unenforceable because it provided certain subsidiaries [*2]with only past consideration that was not specifically addressed in writing. This borderline frivolous defense would not have changed the outcome of the underlying action, and defendant did not commit legal malpractice in failing to assert it. The plain purpose of the credit agreements — read as a whole and discerning the parties' intent — was to refinance the subsidiaries' past debt. This purpose was reflected in the terms of the credit agreements and was not merely the parties' parol understanding. Thus, there was not only past consideration inherent in the credit agreements, but the present consideration the subsidiaries received in having their prior debt converted into new loans, as well as the lender's forbearance with respect to the subsidiaries' default on the prior debt.
Supreme Court also properly dismissed the third cause of action, which states that defendant negligently failed to argue that the guaranties were unenforceable as written. This cause of action is essentially a repackaging of plaintiff's other claims, and it is insufficient for the same reasons as plaintiff's enforceability challenges to the credit agreements.
Supreme Court properly dismissed plaintiff's fourth cause of action, in which plaintiff alleges that defendant negligently failed to challenge the enforceability of the guaranties because the subsidiaries were insolvent at the time the parties entered into the relevant agreements. This defense to the guaranties is barred by the "absolute and unconditional" nature of the guaranties (see e.g. Compagnie Financiere v Merrill Lynch, 188 F3d 31, 35 [2d Cir 1999]). Supreme Court properly found that defendant was not negligent for not interposing this defense, because defenses like this one would not have been entertained in the underlying action even had defendant raised them.
Finally, Supreme Court properly dismissed the fifth cause of action, which alleges that defendant did not adequately assert a fraudulent inducement defense. Even had defendant fully pursued the defense to the extent that plaintiff now claims it should have, the federal court presiding over the underlying action recognized that plaintiff could not satisfy the elements of fraudulent inducement because the lender had not made a material misrepresentation or actionable omission. Moreover, even if the lender's scienter with respect to the underlying fraudulent inducement claim became relevant, plaintiff can only speculate that discovery would have turned up evidence of a present intent to deceive. Defendant's alleged failure to further pursue a factually unsupported fraudulent inducement defense in the underlying action is an insufficient basis to assert a claim for legal malpractice (see Russo v Feder, Kasovitz, Isaacson, Weber, Skala & Bass, LLP, 301 AD2d 63, 69 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024